FILED

14 JUN -3 PM 1:32

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DG DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DONNALLY, <br><br> Plaintiff, <br><br> vs. <br><br> NATIONSTAR MORTGAGE; NDEX WEST, LLC; FIRST AMERICAN TITLE CALIFORNIA; and DOES 1 through 25, inclusive, <br><br> Defendants. | CASE NO. 13-CV-1003-BEN (BLM) <br><br> **ORDER GRANTING LEAVE FOR ADDITIONAL BRIEF** |

Before this Court is Plaintiff Mark Donnally's Ex Parte Motion for Miscellaneous Relief and Motion for Leave to File Amended Complaint. (Docket No. 5).

## BACKGROUND

Plaintiff filed a Complaint on April 26, 2013, raising allegations related to Plaintiff's mortgage. (Docket No. 1). Summons were issued the same day. (Docket No. 2). No summons returned executed were filed with this Court, and Plaintiff did not submit any motions or notifications for over one year. On March 6, 2014, this Court noticed a Hearing for Dismissal for Want of Prosecution Pursuant to Local Rule 41.1. (Docket No. 3). The hearing was held on Monday, May 5, 2014, with Plaintiff appearing telephonically. (Docket No. 4). Plaintiff indicated at the hearing that he sought to continue his case.

1       On May 12, Plaintiff filed the instant motion. Plaintiff asked that this Court not
2   dismiss his case, and permit it to continue. This Court reviewed Plaintiff's filing and
3   considered the course of events asserted in his motion and accompanying declaration.
4       Plaintiff states that he received the Summons on or about April 28, 2013. (Decl.
5   ¶ 4). He states that he sent a copy of the Complaint and the summons, along with a
6   "Notice of Lawsuit and Request for Waiver of Service of Simmons" and "Waiver of
7   Service of Summons" to an address on Defendant Nationstar's web page. (*Id.* ¶ 5). He
8   stated that he spoke to a customer service representative, Charlene Garrison, on or
9   about June 20, 2013, who informed him that his documents had been received and he
10  would be contacted. (*Id.* ¶ 6). He states that Garrison said not to be concerned because
11  there was no attorney yet, and she was "noting" his account. (*Id.*) Plaintiff never
12  indicates that he received a waiver of summons, or any other response from Nationstar.
13      Plaintiff filed for Chapter 7 bankruptcy on July 31, 2013. (*Id.* ¶ 7; Pl's Ex. C).
14  He states that he listed Nationstar in the Schedule D, and appears to have listed the
15  instant lawsuit on another bankruptcy form. (Decl. ¶ 8; Exs. D, E). Plaintiff expresses
16  some confusion about the addresses listed by the bankruptcy court. (Decl. ¶ 9).
17  Plaintiff states "[o]n information and belief" that he was informed that "by and through
18  the Bankruptcy proceeding, Defendant Nationstar would have received constructive
19  notice of the pending lawsuit, by and through, my Schedules and, by and through,
20  notice from the Court." (*Id.* ¶ 10). He also states that all other legal actions must be
21  halted due to the "Stay of the Bankruptcy" filing. (*Id.*) Plaintiff states that Nationstar
22  has appeared with counsel. (*Id.* ¶ 11).
23      Plaintiff also asserts that he faxed another copy of the Complaint and other
24  relevant documents to the address listed on Nationstar's notice of appearance in the
25  bankruptcy case on May 5, 2014. (*Id.* ¶ 13). Plaintiff indicates that he did not know
26  the correct procedures, and asserts that he "reasonably relied upon the bankruptcy
27  court, especially the trustee" to direct him in the correct procedure. (*Id.* ¶ 14). He
28  contends that the mistake was "inadvertently made" and asks that this Court to not

dismiss this action, and to allow him to amend the Complaint to identify a Doe defendant. (*Id.* ¶¶ 15, 16).

## DISCUSSION

Based upon a review of the May 12 filing, this Court informed Plaintiff on May 13, 2014 that the facts before the Court indicated that Plaintiff could not pursue his cause of action because it appeared he lacked standing to proceed. (Docket No. 6 at 4). Federal courts are required *sua sponte* to examine jurisdictional issues such as standing. *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008). Accordingly, if this Court finds that Plaintiff lacks standing, it must dismiss this action.

Plaintiff was informed that if he wished to continue to pursue this cause of action, he was ordered to file a "Response to Order to Show Cause" in which he specifically stated why he believes that he, and not the bankruptcy trustee, has standing to prosecute this case. (Docket No. 6 at 4). Plaintiff was specifically warned that if he did not file a timely Response, this Court would deny Plaintiffs' pending Motions and dismiss Plaintiff's action for lack of standing. (*Id.*)

On May 30, 2014, Plaintiff filed a timely Response to the Order to Show Cause. Plaintiff asserts that Defendants were not served with the Complaint because they refused to accept service. (Resp. at 2). He contends that the Defendants have offered settlement by way of modification, and argues that this indicates that his Complaint was meritorious and that dismissal will jeopardize settlement.[1] (*Id.*) He also states that he is still in bankruptcy, and that dismissal of this case will erode any chance of a fair adjudication of the case. (*Id.*) Plaintiff also argues that dismissal on the merits for want of prosecution would be a harsh punishment that would be prejudicial to Plaintiff alone when part of the delay was caused by misleading statements by Defendant's

---

[1] Examination of the offer of modification, attached as Exhibit "A," indicates that it is general notice offering options to avoid foreclosure. Plaintiff indicates he has already accepted the offer. There is no indication that this is an effort to settle this particular lawsuit, or that the continuation or termination of the lawsuit will affect Plaintiff's ability to accept modification.

representatives. (*Id.* at 6). He reiterates his request for leave to amend. (*Id.* at 6-7).

Plaintiff's Response does not address whether he has standing to pursue his claim. Even if this Court were to determine, which it has not, that Plaintiff diligently pursued his case and that dismissal would prevent adjudication of potentially meritorious claims, this Court is required to dismiss a case where it does not have jurisdiction. Where the Plaintiff lacks standing, this Court does not have the power to grant relief. As this Court stated in the May 13 Order to Show Cause: "In short, it appears that this case must be dismissed for reasons entirely separate from the failure to prosecute." (Docket No. 6 at 4).

To be clear, Plaintiff is not being asked to provide any additional information or argument about whether he has been making diligent efforts, or why he has not tried to prosecute this case. It is true that this Court raised the issue of whether Plaintiff had been diligent at the May 5 hearing. However, the information this Court has received about the bankruptcy raises a new, separate issue. No matter how diligent Plaintiff has been in pursuing the case, or the reasons he may have had for not pursuing his case, even a diligent plaintiff is required to have standing.

Despite the fact that this Court explained to Plaintiff why it appeared he did not have standing, Plaintiff has produced no authority and made no arguments to indicate that he may be able to pursue this case in spite of his bankruptcy. Given Plaintiff's pro se status and the complexity of the issue, this Court gives Plaintiff leave to file a supplemental brief.

In the supplemental brief, Plaintiff must address the question of <u>whether or not he has standing</u> to bring this case. Plaintiff's standing is in question because of the information before this Court regarding the bankruptcy case. This Court is <u>not</u> asking Plaintiff to show that he had standing to sue when he filed this lawsuit. The Court is asking Plaintiff why this Court should not dismiss this case because he lost standing because of the bankruptcy case. In addressing standing, he must therefore discuss <u>whether Plaintiff lost standing because of the bankruptcy</u>.

A bankruptcy estate includes the legal or equitable interests of the debtor in property as of the commencement of the estate, including causes of action. *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707 (9th Cir. 1986); *see* 11 U.S.C. § 541(a). Every action must be prosecuted in the name of the real party in interest. FED. R. CIV. P. 17(a). As the bankruptcy trustee controls the bankruptcy estate, it is the real party in interest in claims that belong to the estate. *Griffin v. Allstate Ins. Co.*, 920 F. Supp. 127, 130 (C.D. Cal. 1996). Unless the bankruptcy trustee abandons the claim to a plaintiff, the plaintiff is not the real party in interest and does not have standing to sue. *Id.*

In the case at hand, the Complaint preceded the bankruptcy petition. The cause of action was disclosed in bankruptcy court filings. (Ex. E). The cause of action therefore became part of the bankruptcy estate. There is no information before this Court to indicate that any bankruptcy court or trustee has taken any action with regard to this case. There is no indication that the bankruptcy trustee has formally relinquished the cause of action from the bankruptcy estate. *See Catalano v. C.I.R.*, 279 F.3d 682, 685 (9th Cir. 2002) (abandonment is formal relinquishment of property and requires notice and a hearing); *Van Chanthavong v. Aurora Loan Servs., Inc.*, 448 B.R. 789, 797-98 (E.D. Cal. 2011) (wrongful foreclosure claim accruing before close of bankruptcy estate remains in the bankruptcy estate). Accordingly, the evidence before this Court indicates that Plaintiff's claim belongs to the bankruptcy estate, and he no longer has standing to pursue his claim. *See, e.g., Davis v. U.S. Bank Nat. Ass'n*, 2012 WL 6619322, at *2-3 (C.D. Cal. Dec. 17, 2012).

## CONCLUSION

If Plaintiff seeks to continue this case his must file a supplemental brief <u>on the question of whether he lost standing because of his bankruptcy proceedings</u>, **no later than June 23, 2014**. Plaintiff is informed that if he does not file a brief, or if his brief

///

///

1 | does not address this Court's concern with standing, this Court will dismiss his action
2 | without prejudice based on the apparent lack of standing.

**IT IS SO ORDERED**.

Dated: June 2, 2014

HON. ROGER T. BENITEZ
United States District Judge