FILED

14 JUN 24 PM 3:49

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY av DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DONNALLY, <br><br> Plaintiff, <br><br> vs. <br><br> NATIONSTAR MORTGAGE; NDEX WEST, LLC; FIRST AMERICAN TITLE CALIFORNIA; and DOES 1 through 25, inclusive, <br><br> Defendants. | CASE NO. 13-CV-1003-BEN (BLM) <br><br> **ORDER:** <br><br> **(1) DENYING EX PARTE MOTION FOR MISCELLANEOUS RELIEF AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT;** <br><br> **(2) DISMISSING CASE WITHOUT PREJUDICE** <br><br> [Docket No. 5] |

Plaintiff Mark Donnally filed a Complaint on April 26, 2013, raising allegations related to Plaintiff's mortgage. (Docket No. 1). On March 6, 2014, this Court noticed a Hearing for Dismissal for Want of Prosecution Pursuant to Local Rule 41.1. (Docket No. 3). The hearing was held on Monday, May 5, 2014, with Plaintiff appearing telephonically. (Docket No. 4). Plaintiff indicated at the hearing that he sought to continue his case. On May 12, Plaintiff filed an Ex Parte Motion for Miscellaneous Relief and Motion for Leave to File Amended Complaint. (Docket No. 5). Plaintiff asked that this Court not dismiss his case, and permit it to continue.

Based upon a review of the May 12 filing, this Court informed Plaintiff on May 13, 2014 that the record indicated that Plaintiff could not pursue his cause of action

page

because it appeared he lacked standing to proceed. (Docket No. 6 at 4). Federal courts are required *sua sponte* to examine jurisdictional issues such as standing. *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008). Accordingly, if this Court finds that Plaintiff lacks standing, it must dismiss this action.

Plaintiff was informed that if he wished to continue to pursue this cause of action, he was ordered to file a "Response to Order to Show Cause" in which he specifically stated why he believes that he, and not the bankruptcy trustee, has standing to prosecute this case. (Docket No. 6 at 4). Plaintiff was specifically warned that if he did not file a timely Response, this Court would deny Plaintiffs' pending Motions and dismiss Plaintiff's action for lack of standing. (*Id.*)

On May 30, 2014, Plaintiff filed a timely Response to the Order to Show Cause which reiterated his explanations for why his failure to prosecute should be excused, but which did not address whether he has standing to pursue his claim. (Docket No. 7). On June 2, 2014, this Court issued an Order permitting Plaintiff to file an additional brief that addressed the standing issue. (Docket No. 8 at 6). The Court explained once again to Plaintiff that even if he were diligent in prosecuting a potentially meritorious case, the Court is required to dismiss a case where it does not have jurisdiction. (*Id.*) Plaintiff was clearly informed that he must "address the question of <u>whether or not he has standing</u>." (*Id.* at 4 (emphasis in original)). This Court stated that: "Plaintiff is informed that if he does not file a brief, or if his brief does not address this Court's concern with standing, this Court will dismiss his action without prejudice based on the apparent lack of standing." (*Id.* at 5-6).

Plaintiff's supplemental brief was due no later than June 23, 2014. (*Id.* at 5). As of this date, no brief has been filed, and Plaintiff has not requested an extension of time to file. This Court has previously expressed the importance of timeliness to Plaintiff. (Docket No. 6 at 2).

The record before this Court indicates that Plaintiff lacks standing to bring this action. A bankruptcy estate includes the legal or equitable interests of the debtor in

property as of the commencement of the estate, including causes of action. *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707 (9th Cir. 1986); *see* 11 U.S.C. § 541(a). Every action must be prosecuted in the name of the real party in interest. FED. R. CIV. P. 17(a). As the bankruptcy trustee controls the bankruptcy estate, it is the real party in interest in claims that belong to the estate. *Griffin v. Allstate Ins. Co.*, 920 F. Supp. 127, 130 (C.D. Cal. 1996). Unless the bankruptcy trustee abandons the claim to a plaintiff, the plaintiff is not the real party in interest and does not have standing to sue. *Id.*

In the case at hand, the Complaint preceded the bankruptcy petition. The cause of action was disclosed in bankruptcy court filings. (Docket No. 5, Ex. E). The cause of action therefore became part of the bankruptcy estate. There is no information before this Court to indicate that any bankruptcy court or trustee has taken any action with regard to this case. There is no indication that the bankruptcy trustee has formally relinquished the cause of action from the bankruptcy estate. *See Catalano v. C.I.R.*, 279 F.3d 682, 685 (9th Cir. 2002) (abandonment is formal relinquishment of property and requires notice and a hearing); *Vang Chanthavong v. Aurora Loan Servs., Inc.*, 448 B.R. 789, 797-98 (E.D. Cal. 2011) (wrongful foreclosure claim accruing before close of bankruptcy estate remains in the bankruptcy estate). Accordingly, the evidence before this Court indicates that Plaintiff's claim belongs to the bankruptcy estate, and he no longer has standing to pursue his claim. *See, e.g., Davis v. U.S. Bank Nat. Ass'n*, No. CV 12-7040, 2012 WL 6619322, at *2-3 (C.D. Cal. Dec. 17, 2012).

Accordingly, Plaintiff's Ex Parte Motion for Miscellaneous Relief and Motion for Leave to File Amended Complaint is **DENIED** and the entire action is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Dated: June 2*/*2014

HON. ROGER T. BENITEZ
United States District Judge